UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

MORTAVIUS L. MITCHELL,            )
                                  )
            Petitioner,           )            No. 5:08-CV-511-KSF
                                  )
v.                                )
                                  )            RECOMMENDED DISPOSITION
JOSEPH MEKO, Warden,              )
                                  )
            Respondent.           )

*** *** *** ***

Petitioner Mortavius L. Mitchell is a Kentucky inmate. DE #1 (Petition), at 1. He is currently serving an imprisonment term of life without parole for twenty-five years under a judgment, resulting from a jury trial in Fayette Circuit Court, on one count each wanton murder and robbery in the first degree. *Id.* at 1. Petitioner appealed, and the Kentucky Supreme Court affirmed the conviction. *Id.* at 2. Subsequently, Mitchell sought collateral relief via RCr 11.42. *Id.* at 4. After the state courts denied Petitioner's motion to vacate, Mitchell timely filed the pending § 2254 Petition alleging two claims of ineffective assistance of counsel, insufficient evidence/improper denial of a directed verdict on the robbery charge, and cumulative error. *Id.* at 8-14.

The District Judge referred the matter to the undersigned for a recommended disposition. Having received a response and records from Respondent Meko, and Petitioner's reply brief, the matter is ripe for decision.

**I. Record**

On November 9, 2001, Petitioner Mortavius L. Mitchell was riding in an automobile with

1

three other men (Wilbert Adams, Eric Gill, and Michael Hocker). *Mitchell v. Commonwealth*, No. 2003-SC-0670-MR, at 1 (Ky. Sept. 22, 2005) (unpublished), available at DE #8-2 (Exhibit A). At some point during the drive, Mitchell and Adams, both of whom sat in the backseat, apparently participants in a drug-related transaction, with Adams seeking to purchase crack-cocaine from Petitioner. Mitchell requested money, and Adams stated that he did not have any money. *Id.* Subsequently, Petitioner pointed a gun at Adams, and after a struggle, Mitchell shot Adams once. *Id.* at 2. Immediately thereafter, Adams exited the vehicle; he later died of his gunshot wound. *Id.*

As a result of this incident, a Fayette County grand jury charged Mitchell with wanton murder, robbery in the first degree, tampering with physical evidence, and possession of a firearm by a felon. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 2 (Ky. Ct. App. Oct. 17, 2008) (unpublished), available at DE #8-3 (Exhibit B). Following his arrest, Petitioner retained counsel Marcel Radomile, and counsel brought on co-counsel Gene Lewter of the Fayette County Legal Aid Office to assist with trial. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 2 (Fayette Cir. Ct. Nov. 26, 2007), available at DE #1-8 (Appendix E).

At trial, the prosecution called Gill and Hocker as witnesses. Mitchell testified on his own behalf. Ultimately, a jury found Mitchell guilty of wanton murder and robbery in the first degree. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 2 (Ky. Ct. App. Oct. 17, 2008) (unpublished). The jury also found aggravating circumstances, and Petitioner received a sentence of life without the possibility of parole for twenty-five years on the wanton murder count and a concurrent ten-year sentence of imprisonment on the count of robbery in the first degree. *Id.* at 2-3.

On direct appeal, Mitchell challenged his conviction on numerous grounds. *Mitchell v. Commonwealth*, No. 2003-SC-0670-MR (Ky. Sept. 22, 2005) (unpublished). In sum, Petitioner

alleged error as to specific jury instructions, *id.* at 2-5, as to the prosecution's introduction of a photograph of a handgun and the use of a replica handgun, *id.* at 5, as to the introduction of evidence of prior bad acts, *id.* at 11, as to the court's decision to disallow rebuttal evidence on the issue of whether Mitchell fabricated his self-defense claim, *id.* at 13, as to the introduction of improper hearsay testimony, *id.* at 14, and as to timely disclosure of taped jailhouse conversations. *Id.* at 15. Mitchell's final appellate claim concerned the trial court's denial of a motion for a directed verdict on the charge of robbery in the first degree. *Id.* After reviewing each presented claim, the Supreme Court of Kentucky upheld Mitchell's conviction and sentence. *Id.* at 16. Mitchell did not petition the United States Supreme Court for a writ of certiorari. DE #1 (Petition), at 2.

Following his failed appeal, Petitioner filed a motion to vacate in Fayette Circuit Court pursuant to RCr 11.42. *Mitchell v. Commonwealth*, No. 02-CR-0196-001 (Fayette Cir. Ct. Nov. 26, 2007). In his *pro se* filing, Mitchell alleged six claims of ineffective assistance of counsel and a claim for relief premised on cumulative error. *Id.* at 1. Later, his court-appointed counsel filed a supplemental memorandum alleging that trial counsel was ineffective for the following reasons: (1) failure to assemble a capital defense team; (2) failure to investigate; (3) failure to impeach a key trial witness; (4) failure to retain an expert in ballistics; and (5) failure to investigate and to provide mitigating evidence during the penalty phase of trial. *Id.* at 1-2. Mitchell's filings also included a request for an evidentiary hearing. *Id.* at 2.

The circuit court denied the motion for an evidentiary hearing and evaluated the RCr 11.42 motion based on the written briefs. *Id.* After setting out the appropriate standard to evaluate Petitioner's ineffective assistance of counsel claims, the circuit court addressed each distinct claim and found that trial counsel's representation was not deficient. Thus, the trial court denied Mitchell's

RCr 11.42 motion. *Id.* at 7.

Mitchell timely appealed the circuit court's decision. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR (Ky. Ct. App. Oct. 17, 2008) (unpublished). Specifically, Petitioner argued that the trial court "improperly failed to find that his trial counsel was ineffective for failing to consult a ballistics expert; failing to assemble a defense team; failing to impeach a key trial witness and investigate possible exculpatory evidence; and failing to provide mitigating testimony at the penalty phase." *Id.* at 3. He also asserted a cumulative error claim and sought an evidentiary hearing. *Id.* After reviewing the record and the circuit court opinion, the court of appeals found that "nothing in the record support[ed] Mitchell's claim of ineffective assistance." *Id.* at 4. The court of appeals also upheld the circuit court's decision to forgo an evidentiary hearing because "[e]ach of Mitchell's claims of ineffective assistance is justiciable by reference to the record or the law . . ." *Id.* at 7.

On December 8, 2008,[1] Mitchell filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE #1 (Petition). Petitioner asserts four claims for habeas relief: (1) ineffective assistance of counsel due to trial counsel's lack of prior capital trial experience, *id.* at 8; (2) ineffective assistance of counsel due to trial counsel's failure to assemble a defense team, *id.* at 9-10; (3) a due process violation based on the trial court's denial of Mitchell's motion for a directed verdict, *id.* at 11; and (4) a due process violation based on cumulative error. *Id.* at 13. Respondent Meko responded in opposition, arguing that Petitioner failed to present the compelling evidence necessary to overcome the statutory presumption of correctness afforded the state court determinations of Petitioner's claims. DE #8 (Response). Subsequently, Mitchell filed a reply brief

---

[1]

Mitchell's filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam).

4

that responded to Meko's arguments favoring denial and offered some supporting or clarifying arguments to the claims in Mitchell's initial petition.  DE #9 (Reply).

Having reviewed the fully briefed petition and the tendered underlying state court record, the Court assesses the merits of Mitchell's petition under the review standards established in 28 U.S.C. § 2254.

## II. Standards of Review and Procedural Considerations

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA" or "Act"), which amended 28 U.S.C. § 2254, established a "highly deferential standard for evaluating" state court decisions. *Lindh v. Murphy*, 117 S. Ct. 2059, 2067 n.7 (1997); *see also Bell v. Cone*, 125 S. Ct. 847, 853 (2005).  Specifically, the Act states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  The "contrary to" and "unreasonable application" clauses of subsection (1) have independent meaning; thus, § 2254(d)(1) establishes "two categories of cases" permitting federal courts to grant habeas relief to state prisoners. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000); *Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002).  Petitioner must "demonstrate that his case satisfies the condition set by § 2254(d)(1)." *Williams*, 120 S.Ct. at 1518.  The "contrary to" language refers to either the state court's application of a contradictory rule vis-a-vis Supreme Court precedent or the state court's arrival at a different conclusion despite the presence of "materially

indistinguishable" facts, vis-a-vis such precedent. *Id.* at 1523. By contrast, the "unreasonable application" language refers to a situation in which "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *see also Foley v. Parker*, 488 F.3d 377, 382 (6th Cir. 2007).

Because the pending § 2254 petition sets forth, at least in part, ineffective assistance of counsel claims, the case largely falls under the "unreasonable application" category.[2] The "unreasonable application" provision of § 2254(d)(1) does not permit a federal court to grant habeas relief "because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 120 S. Ct. at 1522. Rather, the inquiry centers upon a determination of whether the state's application was "objectively unreasonable." *Id.* at 1521; *see also Bell*, 122 S. Ct. at 1850 ("[A]n unreasonable application is different from an incorrect one."). Furthermore, § 2254(d) requires that the state court unreasonably apply "*clearly established* Federal law," *see* 28 U.S.C. § 2254(d)(emphasis added), which consists of "the holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant state-court decision." *Williams*, 120 S. Ct. at 1523.[3]

---

[2]

Whether Petitioner received ineffective assistance of counsel presents a mixed question of law and fact. *See Strickland v. Washington*, 104 S. Ct. 2052, 2070 (1984); *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000). In accordance with Sixth Circuit precedent, such mixed questions invoke the "unreasonable application" category of § 2254(d)(1). *Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003).

[3]

Petitioner's ineffective assistance of counsel claims fall under clearly established legal principles, to wit *Strickland*, announced by the Supreme Court. However, lower federal court decisions may be examined "not as binding precedent, but rather to inform the analysis of Supreme Court holdings to determine whether a legal principle had been clearly established by the Supreme Court." *Foley*, 488 F.3d at 382 (citing *Hill v. Hofbauer*, 337 F.3d 706, 716 (6th Cir. 2003)).

In addition to the limitations of § 2254(d), AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In order to overcome this presumption, a petitioner must rebut the presumption "by clear and convincing evidence." *Id.* The "presumption of correctness" requires this Court to give appropriate deference to state court findings of fact. *Carter v. Bell*, 218 F.3d 581, 590-91 (6th Cir. 2000) (noting that the amended AEDPA standard requires greater deference to state courts). Findings of fact entitled to the presumption include "[p]rimary or historical facts found by state courts," *Boggs v. Collins*, 226 F.3d 728, 736 (6th Cir. 2000), as well as factual findings made by state appellate courts based upon the trial record. *Bowling v. Parker*, 344 F.3d 487, 497 (6th Cir. 2003) (citing *Sumner v. Mata*, 101 S. Ct. 764, 769 (1981)).

The aforementioned presumption does not fully apply when, as with an ineffective assistance claim resolved on the merits, the § 2254 petition involves mixed questions of law and fact. *Strickland*, 104 S. Ct. at 2070; *see also Ramonez v. Berghuis*, 490 F.3d 482, 487 (6th Cir. 2007) ("'[T]he performance and prejudice components of the effectiveness inquiry are mixed questions of law and fact.' They are thus not . . . subject to the Section 2254(e)(1) presumption of correctness for state court factual findings.") (citations omitted). However, while federal courts need not defer to ultimate findings regarding the performance and/or prejudice prongs in the effectiveness analysis, the "underlying facts" supporting such state court decisions warrant deference. *Strickland*, 104 S. Ct. at 2070 (requiring deference as to underlying facts); *Abdur'Rahman v. Bell*, 226 F.3d 696, 702 (6th Cir. 2000) (holding, per *Strickland*, that "state post-conviction trial court's findings of fact underlying its ineffectiveness inquiry should have been presumed correct" under § 2254 (d)); *Brooks v. Bobby*, No. 1:02CV1416, 2006 WL 2456494, at *13 n.3 (N.D. Ohio Aug. 22, 2006) ("Although

the Court need not defer to the ultimate findings on whether counsel provided ineffective assistance, as to underlying facts, such as the factual nature of evidence and the conduct of counsel, deference to the state court findings is still warranted so long as support exists in the record.").

## III. Analysis

In his *pro se*[4] petition, Mitchell alleges four grounds for relief. Specifically, Petitioner argues that counsel provided ineffective assistance because counsel lacked prior experience in trying a capital case and allegedly failed to assemble a required capital defense team. DE #1 (Petition), at 8-10. Mitchell also claims that the trial court violated his right to due process by denying a defense motion for directed verdict on the charge of robbery in the first degree. *Id.* at 11. Finally, Petitioner also seeks habeas relief based on cumulative error. *Id.* at 13. The Court addresses, and rejects, each of the grounds for § 2254 relief offered by Mitchell.

### A. Ineffective Assistance of Counsel

In his petition, Mitchell alleges two grounds of ineffective assistance of counsel. First, Petitioner asserts that counsel's lack of prior capital trial experience itself amounts to ineffective assistance of counsel. DE #1 (Petition), at 8. Additionally, Mitchell alleges that counsel was ineffective due to a failure to assemble a capital defense team. *Id.* at 9. Having acknowledged Petitioner's *pro se* status, the Court also notes that Mitchell's reply brief contains a supplemental statement listing alleged specific deficiencies in trial counsel's performance. DE #9 (Reply), at 13.

---

[4] The Court recognizes Hawkins's *pro se* status. *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

When asserting an ineffective assistance of counsel claim, a petitioner must prove both deficient performance and prejudice. *Strickland*, 104 S. Ct. at 2064; *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A petitioner meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *See id.* at 2064-2065. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 2064. In order to prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. When evaluating prejudice, courts must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 2069. Prejudice is presumed only in the limited circumstances where a defendant experiences a complete denial of counsel, where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or where the circumstances surrounding a particular trial prevent a "fully competent" lawyer from providing effective assistance. *United States v. Cronic*, 104 S. Ct. 2039, 2047 (1984); *Strickland*, 104 S. Ct. at 2067 ("In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of

9

counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance."); *Ivory v. Jackson*, 509 F.3d 284, 294 (6th Cir. 2007) (listing the "three types of cases [that] can lead to a presumption of prejudice under *Cronic*").

As previously noted, federal courts need not defer to ultimate findings regarding the performance and/or prejudice prongs of the effectiveness analysis; however the "underlying facts" supporting such state court decisions warrant deference. *See, e.g., Strickland*, 104 S. Ct. at 2070 (requiring deference as to underlying facts); *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."). Therefore, the Court will conduct its analysis in accordance with the *Strickland* standard and AEDPA comity principles.

*1. Lack of Prior Capital Trial Experience*

In his petition, Mitchell asks the Court to find that counsel was ineffective due to her lack of prior capital trial experience.[5] DE #1 (Petition), at 8. To support this claim for habeas relief,

---

[5]

Mitchell's RCr 11.42 motion did not include an allegation of ineffective assistance solely based on trial counsel's lack of prior capital trial experience. Rather, Petitioner pointed to specific alleged deficiencies (*e.g.*, counsel's failure to investigate, failure to consult a ballistics expert, failure to impeach a trial witness, failure to assemble a defense team, and failure to provide mitigating testimony) as distinct claims of ineffective assistance of counsel. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 1-2 (Fayette Cir. Ct. Nov. 26, 2007); *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 3 (Ky. Ct. App. Oct. 17, 2008) (unpublished).

By statute, a habeas petitioner must first exhaust available state court remedies prior to seeking federal review of a state conviction. *See* 28 U.S.C. § 2254(b)(1)(A). However, because Mitchell is a *pro se* litigant, the Court affords a more lenient construction of articulated claims. *See supra* note 4. Petitioner did not file a supporting memorandum with his § 2254 petition, but his reply brief included references to the distinct ineffective assistance of counsel claims as support for his

Mitchell alleges as follows:

> Petitioner's lead counsel Ms. Radomile had no previous capital trial experience. In fact, the judge forced Ms. Radomile to reveal her lack of experience to movant before proceeding with trial. In fact, due to her difficulties in conducting an adequate and proper cross examination, Ms. Radomile broke down in tears, requested a recess, and walked out of the courtroom. Mr. Lewter was barred by his employer from using the resources of the Fayette County Legal Aid Office.

*Id.* Petitioner, in his reply brief, seems to argue that counsel's lack of capital trial experience violates Mitchell's right to effective assistance of counsel under both the *Strickland* standard and the *Cronic* presumption of prejudice standard. DE #9 (Reply), at 14, 17-18. Additionally, Mitchell cites specific allegations of ineffective assistance – failure to investigate, failure to employ a ballistics expert, failure to prepare for a key trial witness, and failure to produce mitigation testimony – purportedly linked to and thus proof of trial counsel's lack of prior experience. *Id.* at 11-12.

Respondent urges the Court to find that Mitchell waived any claim of per se prejudice by retaining Ms. Radomile as his counsel of choice. DE #8 (Response), at 7 ("Mitchell should not be allowed to both have counsel of his choice and to later use the credentials of his choice of counsel as grounds for setting aside his conviction."). Turning to the *Strickland* standard (within the context of a § 2254 petition), Respondent argues that the circuit court's evaluation of counsel's performance and the fact that the jury did not impose a death sentence prevent Petitioner from proving both deficient performance and prejudice. *Id.* at 7-8.

Based on a review of the written briefs and the Kentucky court decisions, the Court finds that Mitchell is not entitled to habeas relief. Turning first to the *Cronic* analysis, the record does not

---

claim regarding counsel's lack of prior experience. The Court also notes that Respondent has not argued that Mitchell failed to exhaust this claim. Therefore, the Court construes this claim for relief as encompassing the ineffective assistance of counsel claims that Petitioner previously presented in the Kentucky courts.

support a presumption of prejudice. As noted above, the United States Supreme Court has limited such a presumption to instances of complete denial of counsel, complete absence of adversarial testing, and circumstances that would preclude effective assistance from a fully competent lawyer. *Cronic*, 104 S. Ct. at 2047. In the instant case, Mitchell was represented by two lawyers who competently pursued a self-defense trial strategy, directing their investigation, cross-examination, and direct examination decisions to that end. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 3-6 (Fayette Cir. Ct. Nov. 26, 2007); *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR (Ky. Ct. App. Oct. 17, 2008) (unpublished). During the penalty phase, counsel pursued a mitigation strategy that spared Petitioner "the harsher penalty of death." *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 6 (Fayette Cir. Ct. Nov. 26, 2007). Petitioner offers no proof, let alone compelling proof, to contradict the state court assessment of the trial environment and counsel's level of advocacy. Case history, as recounted by three different Kentucky courts, clearly discounts any fear of a fundamental breakdown in the adversary system. *Strickland*, 104 S. Ct. at 2069 (noting a key concern "[i]n every case" is whether "the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results"). In short, Mitchell's case does not fall within the limited factual circumstances requiring a prejudice presumption; thus, Petitioner's ineffective assistance of counsel claim falls squarely within the two-prong *Strickland* test.

By virtue of the § 2254(e)(1) presumption of correctness and the *Strickland* presumption of reasonableness, the Court must examine Mitchell's ineffective assistance of counsel claims in a "doubly deferential" manner. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Harrington*, 131 S. Ct. at 788 ("Establishing that a state court's application of *Strickland* was unreasonable under

§ 2254(d) is all the more difficult. . . . When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). To reiterate, Mitchell initially alleged that trial counsel was ineffective due solely to her lack of prior capital trial experience. DE #1 (Petition), at 8. Petitioner's reply brief further defines this claim by reference to the following additional allegations of ineffective assistance of counsel: (1) failure to investigate; (2) failure to acquire a ballistics expert; (3) failing to prepare for a key trial witness; and (4) failure to produce mitigating evidence. DE #9 (Reply), at 11-13. A *Strickland* analysis of Petitioner's § 2254 claims precludes habeas relief.

First, lead counsel's apparent lack of prior capital trial experience does not, under the circumstances of this case, constitute ineffective assistance of counsel. Ms. Radomile, whom Mitchell and his family retained, reasonably sought out and received assistance from another attorney who had significant experience in death penalty cases. The record demonstrates that, together, counsel devised a trial strategy centered around a self-defense justification and Mitchell's testimony in his own defense. During the sentencing phase, counsel called two witnesses: Petitioner and Petitioner's aunt. Ultimately, Mitchell received a long imprisonment term rather than a death sentence. A reviewing court will not second-guess rational trial strategy. Furthermore, Mitchell continues to assert that the shooting occurred in self-defense, *see, e.g.,* DE #9 (Reply), at 10 (describing a "scuffle" between Mitchell and the victim that led to victim's shooting death); *id.* at 15 (same), thus corroborating counsels' decision to tailor the investigation and trial strategy to support that defense theory. Finally, aside from general criticism of lead counsel's performance, Mitchell offers no evidence that lead counsel's lack of capital trial experience "undermine[s] confidence in the outcome" of his judgment and/or sentencing. *Strickland*, 104 S. Ct. at 2068. Thus,

counsel's lack of prior capital trial experience did not amount to a violation of Petitioner's right to effective assistance of counsel. The level of a practitioner's experience may be relevant to assessing competence, but experience does not categorically render an attorney effective or ineffective. *Strickland* instead calls for scrutiny and evaluation of particular *acts* in representation rather than the pedigree of counsel.

Secondly, the ineffective assistance of counsel claims that Mitchell raises in his reply brief cannot here support habeas relief. The state courts adjudicated each of these claims (i.e., failure to investigate; failure to employ a ballistics expert; failure to prepare for a key witness; and failure to produce mitigating evidence) pursuant to a reasonable application of the *Strickland* standard. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR (Ky. Ct. App. Oct. 17, 2008) (unpublished). Furthermore, Petitioner's habeas filings offer no real supporting evidence as to the allegation that counsel failed to meet the constitutional standard. DE #9 (Reply), at 15-16. Mitchell offers no direct proof on the enumerated sub-claims. Thus, the state court decisions as to the remaining ineffective assistance of counsel claims sit unchallenged by a petitioner that bears the burden of proof.

Turning to the claim regarding the ballistics expert, the Court notes that Mitchell characteristically states that a "ballistics expert *could* have given a better assessment as to the location of the weapon at the time it was fired." *Id.* at 15 (emphasis added). As the court of appeals correctly found, Petitioner cannot prove that a ballistics expert would have provided helpful testimony. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 5 (Ky. Ct. App. Oct. 17, 2008) (unpublished). Because such a speculative statement does not equate to proof of a reasonable probability that testimony from a ballistics expert would have, as Mitchell claims, led to an acquittal on the robbery charge, DE #9 (Reply), at 16, Petitioner fails to demonstrate prejudice. The decision

14

not to employ a ballistics expert was not ineffective assistance of counsel.

## 2. Failure to Assemble a Capital Defense Team

In a related claim, Mitchell also alleges that trial counsel was ineffective because she did not assemble a capital defense team to assist at trial. This claim also fails. The record reflects that Petitioner's retained counsel (Ms. Radomile) brought on co-counsel Gene Lewter, a lawyer with "significant capital trial experience," to assist in preparing and trying Mitchell's case. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 5 (Fayette Cir. Ct. Nov. 26, 2007). Furthermore, the trial court conducted a pretrial hearing to ensure that Mitchell, whose charged offenses were death-penalty eligible, was receiving adequate representation and was satisfied with counsels' representation. *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 5 (Ky. Ct. App. Oct. 17, 2008) (unpublished). Petitioner assured the trial court that he was satisfied with his representation. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 5 (Fayette Cir. Ct. Nov. 26, 2007) ("The Court conducted a special hearing with the Movant in order to verify that he was satisfied with his counsel and the Movant was adamant that he was satisfied with his defense counsel."); *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR, at 5 (Ky. Ct. App. Oct. 17, 2008) (unpublished) (noting same).

The state court findings and legal analysis are not unreasonable. Aside from expressing his dissatisfaction with the state court rulings, Petitioner offers no persuasive proof that the two-lawyer defense team provided deficient representation. Mitchell also fails to articulate a proposed, constitutionally required, team composition and any prejudice resulting from the exclusion of extra team members. As previously noted, the two-lawyer team was not ineffective in the course of its investigation, trial conduct, and sentencing-phase mitigation approach. Significantly, counsels'

sentencing phase efforts spared Petitioner from receiving a death sentence. Counsel's decision not to expand Petitioner's defense team beyond the two lawyers was not demonstrably deficient or prejudicial. *Strickland*, 104 S. Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). Further, courts consistently hold that there is no per se constitutional right to a capital team.[6] In short, the Court finds that the state court analysis and resulting denial of relief on this claim were not unreasonable.

To summarize, both the Fayette County Circuit Court and the Kentucky Court of Appeals addressed and rejected Mitchell's various ineffective assistance of counsel claims. *Mitchell v. Commonwealth*, No. 02-CR-0196-001 (Fayette Cir. Ct. Nov. 26, 2007); *Mitchell v. Commonwealth*, No. 2007-CA-002482-MR (Ky. Ct. App. Oct. 17, 2008) (unpublished). Both courts utilized the appropriate *Strickland* standard and applied this federal law in a reasonable manner. The habeas record is devoid of adequate proof discounting the state court decisions. Thus, Mitchell's ineffective assistance of counsel claims fail, and he is not entitled to habeas relief.

B. Directed Verdict Issue

In addition to the ineffective assistance of counsel claims, Mitchell argues for habeas relief based on the trial court's decision to deny Petitioner's motion for a directed verdict. DE #1

---

[6]

*Rachal v. Quarterman*, 265 Fed. App'x 371, 378 (5th Cir. 2008) ("As courts routinely recognize, there is no constitutional per se right to appointment of co-counsel in a capital case."); *Sosa v. Dretke*, 133 Fed. App'x 114, 125 (5th Cir. 2005) ("[N]o American court has ever held that the due process principles discussed by the Supreme Court in *Ake v. Oklahoma* mandated appointment of *two* attorneys to serve as defense counsel in all capital murder trials."); *Riley v. Taylor*, 277 F.3d 261, 306 (3d Cir. 2001) ("The Constitution does not specify the number of lawyers who must be appointed. If a single attorney provides reasonably effective assistance, the Constitution is satisfied. . . .").

(Petition), at 11. Specifically, Mitchell alleges that the trial evidence could not support a jury determination of guilt on the charge of robbery in the first degree. *Id.*; *see also* DE #9 (Reply), at 24-28.

The Fourteenth Amendment right to due process "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 90 S. Ct. 1068, 1073 (1970). Thus, a § 2254 petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 99 S. Ct. 2781, 2791-92 (1979). Courts analyze directed verdict/sufficiency of the evidence claims under the "unreasonable application" category of § 2254(d)(1). *Thompson v. Bock*, 215 F. App'x 431, 435-36 (6th Cir. 2007) ("[R]elief is only available when the decision results in an objectively unreasonable application of federal law."); *Tinsley v. Million*, 399 F.3d 796, 815 (6th Cir. 2005). In short, a reviewing court must determine "whether the evidence was so overwhelmingly in favor of the petitioner that it compelled a verdict in his or her favor." *Thompson*, 215 F. App'x at 436.

Here, Petitioner appealed the trial court's denial of a directed verdict on the charge of robbery in the first degree, per Kentucky Revised Statutes § 515.020. After setting out the proper standard for review,[7] the Supreme Court of Kentucky found that the trial "evidence, which included

---

[7] In its opinion, the Supreme Court of Kentucky articulated the standard of review as follows: "'On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.'" *Mitchell v. Commonwealth*, No. 2003-SC-0670-MR, at 15 (Ky. Sept. 22, 2005) (unpublished) (quoting *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991)). The *Benham* language is based on an earlier Kentucky case, *Trowel v. Commonwealth*, 550 S.W.2d 530 (Ky.

[eyewitness] testimony that [Mitchell] was robbing Adams with a weapon, was sufficient to support a first-degree robbery conviction." *Mitchell v. Commonwealth*, No. 2003-SC-0670-MR, at 15-16 (Ky. Sept. 22, 2005) (unpublished). Mitchell argues that this finding is erroneous, DE #1 (Petition), at 11, and cites to proffer and witness testimony that purportedly supports a directed verdict. DE #9 (Reply), at 25-27. Petitioner also includes commentary as to witness credibility and alternative theories on the information presented in or related to the testimony. *Id.*

Based on the record, the Court finds that the Kentucky court did not apply federal law in an unreasonable manner. Mitchell presented this due process claim on appeal, and the Supreme Court of Kentucky, reviewing the evidence as a whole, upheld the trial court's decision to deny a directed verdict on the charge of robbery in the first degree. The Kentucky Court properly reviewed the evidence in the light most favorable to the Commonwealth. As a factual matter, the Court must defer to the Supreme Court's assessment of what the eyewitness said. 28 U.S.C. § 2254(e)(1); *Harrington*, 131 S. Ct. at 784 (noting that the § 2254(e)(1) presumption and attendant burden on the petitioner apply even if the "state court's decision is unaccompanied by an explanation"). Mitchell did not contest that Hocker so testified. Further, evidence included, per the Supreme Court, Hocker's "eyewitness testimony that [Mitchell] pulled a gun on Adams intending to rob him[.]" DE #8-2, at 12. Hocker also indicated, through an admitted note, that Mitchell had attempted to influence him to testify falsely at trial. *See id.* at 12-13 (discussing "instructions on what Hocker's story should be"). Even Mitchell described impeachment of witness Gill, who earlier had stated that "Petitioner said he was going to rob Adams." DE #9, at 24. These elements coalesce to support the Supreme

_____

1977), which the Sixth Circuit has characterized as being consistent with the directed verdict standard established in *Jackson v. Virginia*, 99 S. Ct. 2781 (1979). *Tinsley*, 399 F.3d at 815.

Court's rational and proper interpretation of the facts under the correct directed verdict and constitutional standards.

Petitioner has not persuaded this Court that the state court decision constitutes an unreasonable application of federal law. Neither Mitchell's § 2254 petition nor his reply brief presents any competent proof that the prosecution failed to present sufficient facts as to every statutory element of the subject offense (i.e., robbery in the first degree). Instead, Mitchell presents select trial testimony and asks the Court to evaluate witness credibility and to review the merits of the original motion for a directed verdict. Specifically, Petitioner emphasizes that the two witnesses did not see Mitchell actually take money from the victim and that the police never recovered the firearm used in the robbery. DE #1 (Petition), at 11. In an attempt to bolster his own testimony, Mitchell also calls into question the veracity of the information offered by witnesses Eric Gill and Michael Hocker, both of whom were present in the car at the time of the robbery and murder. DE #9 (Reply), at 28 (alleging that the testimony of both Hocker and Gill contained discrepancies and "add[ed] little value to the trier of fact").

A § 2254 petition does not serve as a vehicle to relitigate a claim previously adjudicated on its merits by a state court. *Thompson*, 215 F. App'x at 436. Rather, the Court is statutorily bound to "determin[e] whether the evidence was so overwhelming in favor of the petitioner that it compelled a verdict in his or her favor." *Id.* Furthermore, the Court is obliged to consider "all inferences and credibility determinations . . . in favor of the prosecution." *Id.* at 437. Thus, Petitioner's recitation of alleged weaknesses in witness testimony and dissatisfaction with the circumstantial nature of the physical evidence does not prove that only an irrational jury could convict him of robbery in the first degree. Mitchell had his own credibility problems at trial, and the

witness testimony supported the ultimate verdict as the Supreme Court found. Petitioner disagrees, but fine contests over credibility and weight are inapt in the habeas context. Mitchell is not entitled to habeas relief based on a due process violation.

## C. Cumulative Error

Mitchell's allegation of cumulative error does not warrant § 2254 relief. The Sixth Circuit has consistently and explicitly held that a habeas petitioner cannot premise relief on a claim of cumulative trial error. *See, e.g., Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue."); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005) ("[W]e have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002) (death penalty decision noting that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief"). Mitchell's cumulative error argument fails.

Even if the Court could properly evaluate a cumulative error claim, Petitioner's argument would be lacking. Mitchell's § 2254 petition is silent on the alleged errors that, taken together, purportedly led to an unfair trial. Additionally, Petitioner's reply brief merely lists alleged errors without providing any supporting facts or arguments detailing such errors as "failing to investigate the case, failing to assemble a defense team, failing to obtain a ballistics report, failing to prepare for cross-examination, and failing to offer significant mitigation evidence during the penalty phase of trial." DE #9 (Reply), at 30. The Court has already evaluated and rejected Mitchell's claims of ineffective assistance of counsel premised on trial counsel's lack of experience and alleged failure

to assemble a capital team.  As to the remaining allegations of error, Mitchell unsuccessfully argued for relief on similar grounds in the state courts but did not develop a request for § 2254 relief on those individual claims.  No basis for relief exists.

## IV. Certificate of Appealability

A Certificate of Appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability).

Petitioner has not made a "substantial showing" as to any claimed denial of rights.  The Court believes its determination on the merits, which hinges on the deferential AEDPA standard and a reasonable result from the state court, is not debatable.  None of the claims presents a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under § 2254.  As such, Mitchell is not entitled to a Certificate of Appealability.

## V. Recommendation

The Court **RECOMMENDS** that the District Court fully **DENY** Mitchell's §2254 petition and **NOT** issue a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within fourteen days after being served with a copy of this decision, any party may serve and file specific

written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of August, 2011.

**Signed By:**

**_Robert E. Wier_**

**United States Magistrate Judge**