UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-511-KSF

MORTAVIUS L. MITCHELL                                           PETITIONER

v.                                **OPINION & ORDER**

JOSEPH MEKO, WARDEN                                      RESPONDENT

\* \* \* \* \* \* \* \* \* \* \*

On December 15, 2008, the petitioner, Mortavius L. Mitchell, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Fayette Circuit Court for one count each of wanton murder and robbery in the first degree [DE #1]. The respondent, Warden Joseph Meko, filed his response seeking dismissal of the petition on March 2, 2009 [DE #8]. Consistent with local practice, this matter was referred to the Hon. Robert E. Wier, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On August 30, 2011, the Magistrate Judge filed his Recommended Disposition, recommending that, based on a review of the state court record and the applicable case law, the petition be denied [DE #19]. On September 8, 2011, Mitchell filed objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #20]. As a result, this matter is now ripe for review.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

Mitchell was charged by a Grand Jury of the Fayette Circuit Court with wanton murder, robbery in the first degree, tampering with physical evidence, and possession of a firearm by a

felon, in relation to the shooting death of Wilbert Adams during the course of a drug transaction. Following a jury trial, Mitchell was convicted of both wanton murder and robbery in the first degree. The jury also found aggravating circumstances, and Mitchell received a sentence of life imprisonment without parole for twenty-five years for the wanton murder conviction and a concurrent ten-year imprisonment sentence for the robbery conviction. Mitchell filed a direct appeal to the Supreme Court of Kentucky, which upheld his conviction and sentence.

Mitchell then filed a RCr 11.42 motion to vacate, which included a request for an evidentiary hearing. The motion, including the request for the evidentiary hearing, was denied by the Fayette Circuit Court. The Circuit Court's decision was then affirmed by the Kentucky Court of Appeals.

Mitchell then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, Mitchell alleges: (1) he received ineffective assistance of counsel due to trial counsel's lack of prior capital trial experience; (2) he received ineffective assistance of counsel due to trial counsel's failure to assemble a capital defense team; (3) he was denied his constitutional right to due process based on the trial court's denial of his motion for a directed verdict on the charge of robbery in the first degree; (4) he was denied his constitutional right to due process based on cumulative error.

## II. THE MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION

In his proposed findings of fact and recommendation, the Magistrate Judge first set out the appropriate standard of review. Pursuant to the Antiterrorism and Effective Death Penalty

2

Act of 1996, 28 U.S.C. § 2254(d), ("AEDPA"), the Court should review the state courts' adjudication of the merits of Mitchell's claims to determine if the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Magistrate Judge then turned to the substance of Mitchell's claims.

First, the Magistrate Judge considered Mitchell's claims that his trial counsel was ineffective due to counsel's lack of prior capital trial experience and counsel's failure to assemble a capital trial team. The Magistrate Judge also considered Mitchell's related "sub-claims" set forth in his reply brief that counsel was ineffective due to the failure to investigate, failure to employ a ballistics expert, failure to prepare for a key witness and failure to produce mitigating evidence. The Magistrate Judge first found that Mitchell had not shown that he is entitled to a presumption of prejudice from his counsel's allegedly deficient performance under the standard set forth in *United States v. Cronic*, 104 S.Ct. 2039, 2047 (1984). Rather, the Magistrate Judge found that, in this case, Mitchell was represented by two lawyers who competently pursued a self-defense strategy during the trial phase and a mitigation strategy during the penalty phase. Moreover, the Magistrate Judge noted that Mitchell offers no proof, let alone compelling proof, to contradict the state courts' assessment of the trial environment and counsel's level of advocacy. Thus, the Magistrate Judge found that Mitchell's case does not fall within the limited factual circumstances permitting a presumption of prejudice. Accordingly, the

3

Magistrate Judge correctly concluded that Mitchell's ineffective assistance of counsel claims must be evaluated according to the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

The Magistrate Judge then examined the Kentucky courts' application of the test set forth in *Strickland* to each of Mitchell's ineffective assistance of counsel claims. Under *Strickland*, an ineffective assistance of counsel claim has two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 433 U.S. at 687.

Under the standards set forth above, Mitchell must show that the Kentucky courts unreasonably applied this standard to both their evaluation of Mitchell's counsel's performance, as well as their evaluation of the prejudice to Mitchell's defense. The Magistrate Judge first found that, contrary to Mitchell's claim, his counsel's lack of prior capital trial experience, by itself, does not constitute a violation of Mitchell's right to effective assistance of counsel. The Magistrate Judge then examined Mitchell's remaining claims of ineffective assistance of counsel (i.e., failure to investigate; failure to employ a ballistics expert; failure to prepare for a key witness; and failure to produce mitigating evidence) and found that, in rejecting Mitchell's claims, both the Fayette Circuit Court and the Kentucky Court of Appeals utilized the appropriate *Strickland* standard and applied this federal law in a reasonable manner. The Magistrate Judge further found that Mitchell offered no direct proof as to his allegations that counsel failed to meet the applicable

constitutional standards of effective assistance of counsel. The Magistrate Judge also found that Mitchell failed to demonstrate prejudice with respect to his claims that counsel was ineffective for failing to employ a ballistics expert and failing to assemble a capital defense team. Accordingly, the Magistrate Judge recommended that Mitchell's ineffective assistance of counsel claims be denied.

The Magistrate Judge then turned to Mitchell's claim that he was denied due process based on the trial court's decision to deny his motion for a directed verdict on the charge of robbery in the first degree. The Magistrate Judge set forth the relevant legal standards to establish a denial of due process under the Fourteenth Amendment in the context of directed verdict/sufficiency of the evidence claims and determined that Mitchell had not established that the Supreme Court of Kentucky had applied federal law in an unreasonable manner in evaluating the Fayette Circuit Court's denial of a directed verdict on the charge of robbery in the first degree. Accordingly, the Magistrate Judge recommended that this due process claim be denied.

Finally, the Magistrate Judge addressed Mitchell's claim that he was denied due process based on cumulative error. The Magistrate Judge noted that the United States Court of Appeals for the Sixth Circuit has consistently and explicitly held that a habeas petitioner may not premise relief on a claim of cumulative trial error. *See, e.g., Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). The Magistrate Judge also concluded that Mitchell's cumulative error claim would be lacking even if such a claim were permissible, as Mitchell failed to state in his petition the alleged errors that, taken together, purportedly led to an unfair trial. Thus, the Magistrate Judge recommended that the due process claim based on cumulative error be denied.

For these reasons, the Magistrate Judge entered his Recommended Disposition recommending that Mitchell's petition for writ of habeas corpus be denied. Mitchell, however, has filed timely objections to the Magistrate Judge's findings. The Court will conduct a *de novo* review of the portions of the Magistrate Judge's findings to which Mitchell has made objections.

## III. *DE NOVO* REVIEW OF MITCHELL'S OBJECTIONS

Mitchell filed objections to the Magistrate Judge's Recommended Disposition on September 8, 2011 [DE #20]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). In his objections, Mitchell objects to portions of the Magistrate Judge's resolution of his ineffective assistance of counsel claim, as well as his claim that he was denied due process based on the trial court's denial of his motion for a directed verdict on the charge of robbery in the first degree.

With respect to his ineffective assistance of counsel claim, Mitchell again argues that his lead counsel's lack of capital trial experience itself amounts to ineffective assistance of counsel. However, this Court agrees with the Magistrate Judge that counsel's lack of capital trial experience does not necessarily result in ineffective assistance of counsel. Although Mitchell's retained counsel, Marcel Radomile, admitted to a lack of capital trial experience, she also reasonably sought out and received assistance from another attorney with significant capital trial experience, Gene Lewter. Together, counsel employed a trial strategy centered around a self-defense justification (a defense that Mitchell continues to assert), appropriately directing their investigation, cross-examination and direct examination decisions accordingly. In the penalty phase, counsel reasonably employed a mitigation strategy that was effective in enabling Mitchell

6

to avoid the death penalty. Mitchell has made no showing that counsels' trial and mitigation strategies were not sound and reasonable strategies. *See Strickland*, 466 U.S. at 689 ("Because of the difficulties inherent in making the evaluation [of counsel's challenged conduct], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'")(quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

      Although Mitchell complains that Lewter was barred by his employer, the Fayette County Legal Aid Office, from using any of his office resources in any respect to assist Mitchell, he fails to show how Lewter's lack of access to the resources of the Fayette County Legal Aid Office necessarily rendered Lewter unable to otherwise effectively counsel Mitchell. Indeed, simply because Lewter may not have been able to utilize the resources of the Fayette County Legal Aid Office does not mean that he had no resources available to him at all, particularly where, as here, he was working with co-counsel and, presumably, had access to her office resources. Mitchell also fails to offer any evidence supporting his conclusory assertions that Lewter was working out of a "non-functional" office, nor does he articulate how Lewter's lack of access to the resources of the Fayette County Legal Aid Office prejudiced Mitchell's defense and deprived Mitchell of a fair trial. Moreover, contrary to Mitchell's current complaints about his counsel, during a hearing conducted by the trial court to ensure that Mitchell was receiving adequate representation, Mitchell assured the trial court that he was satisfied with his defense counsel. *Mitchell v. Commonwealth*, No. 02-CR-0196-001, at 5 (Fayette Cir. Ct. Nov. 26, 2007)("The Court conducted a special hearing with the Movant in order to verify that he was satisfied with

7

his counsel and the Movant was adamant that he was satisfied with his defense counsel."). For all of these reasons, Mitchell's objection to this portion of the Magistrate Judge's Recommended Disposition fails.

Mitchell does not object to the Magistrate Judge's rejections of his claims that counsel was ineffective for failing to investigate, failing to employ a ballistics expert, failing to prepare for a key witness, failing to produce mitigating evidence and failing to assemble a capital defense team. Nevertheless, the Court is in agreement with the Magistrate Judge's determination that the state courts properly used the appropriate *Strickland* standard in evaluating these claims that the state courts' analysis and denial of relief on these claims was not unreasonable. Thus, the Court agrees with the Magistrate Judge's decision to reject these claims.

For all of these reasons, as well as those set out more fully by the Magistrate Judge in his Recommended Disposition, the Court finds that Mitchell's ineffective assistance of counsel claim fails. Accordingly, the Magistrate Judge did not err in rejecting this claim.

Mitchell also objects to the Magistrate Judge's resolution of his claim that he was denied due process based on the trial court's denial of his motion for a directed verdict on the charge of robbery in the first degree. In his objections, Mitchell raises questions regarding the credibility of the trial testimony of witnesses Michael Hocker and Eric Gill and argues that Hocker, Gill and the victim, Wilbert Adams, intended to rob Mitchell, rather than Mitchell intending to rob Adams. Thus, Mitchell continues to assert his claim that he was justified in shooting Adams because he was acting in self-defense.

Mitchell would be entitled to habeas corpus relief on his claim that the trial court's denial of his motion for directed verdict on the first degree robbery charge was a denial of due process

8

"if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Tinsley v. Million*, 399 F.3d 796, 815 (6th Cir. 2005). In reviewing such claims, the evidence is to be viewed in the light most favorable to the prosecution. *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000).

In this case, applying the standard of review articulated in *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991), a standard that the Sixth Circuit has characterized as being consistent with the directed verdict standard established in *Jackson*, *Tinsley*, 399 F.3d at 815, the Supreme Court of Kentucky concluded that the trial "evidence, which included [eyewitness] testimony that [Mitchell] was robbing Adams with a weapon, was sufficient to support a first-degree robbery conviction." *Mitchell v. Commonwealth*, No. 2003-SC-0670-MR, at 15-16 (Ky. Sept. 22, 2005)(unpublished). Although Mitchell challenges the credibility of the eyewitness testimony, "attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence." *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002)(quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)). Thus, the Magistrate Judge properly deferred to the state courts' assessment of this testimony. As noted by the Magistrate Judge, Mitchell also fails to show an appreciation for his own credibility problems as trial. Regardless, Mitchell fails to point to any other evidence that would show that the prosecution failed to present sufficient proof as to every statutory element of robbery in the first degree. Thus, Mitchell fails to show that only an irrational jury could have convicted him of robbery in the first degree or that the Kentucky Supreme Court's resolution of his directed verdict due process claim constitutes an unreasonable application of federal law. For

these reasons, the Court agrees with the Magistrate Judge's conclusion that this claim is without merit.

Mitchell also does not address the Magistrate Judge's rejection of his claim that he was denied due process based on cumulative error. Nevertheless, the Court is in agreement with the Magistrate Judge's decision, as the Sixth Circuit has consistently and explicitly held that a habeas petitioner may not premise relief on a claim of cumulative trial error. *See, e.g., Williams v. Anderson*, 460 F.3d at 816; *Moore v. Parker*, 425 F.3d at 256; *Lorraine v. Coyle*, 291 F.3d at 447. The Court also agrees with the Magistrate Judge's conclusion that Mitchell's cumulative error claim would fail even if such a claim were permissible, as Mitchell failed to state in his petition the alleged errors that, taken together, purportedly led to an unfair trial.

For all of the foregoing reasons, the Magistrate Judge's Recommended Disposition will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Mitchell's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Mitchell has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Mitchell's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's

Recommended Disposition. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's Recommended Disposition [DE #19] is **ADOPTED** as and for the opinion of the Court;

(2) the petitioner's objections to the Magistrate Judge's Recommended Disposition [DE #20] are **OVERRULED**;

(3) the respondent's Motion to Dismiss [DE #8] is **GRANTED**;

(4) the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] is **DISMISSED WITH PREJUDICE**;

(5) a certificate of appealability **SHALL NOT** issue;

(6) pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

(7) judgment will be entered contemporaneously with this order.

This January 20, 2012.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**